IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROGELIO HINOJOSA,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:25-cv-00740-ADA-SH |
| STUDENT TRANSPORTATION OF<br>AMERICA, INC. d/b/a GoldStar<br>Transit Inc.,<br>*Defendant* | §<br>§<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ALAN D ALBRIGHT
       UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Student Transportation of America, Inc.'s Rule 12(b)(6) Motion for Dismissal, filed June 6, 2025 (Dkt. 6); Plaintiff Rogelio Hinojosa's response, filed June 20, 2025 (Dkt. 9); and Defendant's Reply, filed June 27, 2025 (Dkt. 10).[1]

### I.   Allegations

Rogelio Hinojosa brings this employment discrimination suit against Student Transportation of America, Inc., d/b/a GoldStar Transit Inc. ("GST"), which operates transportation systems for Texas school districts. Complaint, Dkt. 1 ¶ 7. Hinojosa, who has severe hearing loss in both ears that substantially impacts his abilities to hear and speak, alleges that he was denied employment at GST as a bus driver because he is deaf. *Id.* ¶¶ 1, 12.

Hinojosa alleges that he has been working as a school bus driver at the Transitional Program at the Texas School for the Deaf ("TSD") for some five years. *Id.* ¶¶ 18, 24, 29. He holds a Class B

---

[1] The District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution and all dispositive motions for report and recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

1

Commercial Driver's License and has obtained a Medical Examiner's Certificate and a Medical Waiver for hearing from the Texas Department of State Health Services' Medical Advisory Board. *Id.* ¶¶ 26, 27. He has never been in a motor vehicle accident on the job and has never caused an accident as a private driver. *Id.* ¶ 25.

In May 2023, Hinojosa filled out an online questionnaire for a school bus driver position with GST in Bastrop. *Id.* ¶ 38. After exchanging emails and texts with GST personnel, Hinojosa and his wife, who is hearing, visited GST. *Id.* ¶¶ 39-42. They met with JW Barrett, GST's General Manager in Bastrop, who Hinojosa vocally greeted and communicated with through a speech-to-text application on his phone. *Id.* ¶ 43. He completed paperwork Barrett gave him, including a paper application, and waited for nearly an hour, then was told that his application would not be accepted at that time. *Id.* ¶¶ 48-50. Hinojosa and his wife returned the next day, but GST again did not accept his application. *Id.* ¶ 51.

The same day, Hinojosa emailed Barrett with a list of potential reasonable accommodations, but received no response. *Id.* ¶ 52. Two days later, without communicating directly with Hinojosa, GST called his wife and told her Hinojosa would not be hired because he is deaf. *Id.* ¶ 57. GST asked no questions of Hinojosa or his wife to assess his abilities or needs. *Id.* ¶ 58.

Hinojosa filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about November 14, 2023, and the EEOC issued a right-to-sue letter on February 25, 2025. *Id.* ¶ 89. He filed this suit on May 15, 2025, alleging that GST failed to hire him because of his disability, did not make reasonable accommodations for his disability, and retaliated against him by terminating the application process after he requested an accommodation, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101,

and the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21. Dkt. 1 ¶¶ 75, 85. GST now moves to dismiss for failure to state a claim under Rule 12(b)(6).

## II.   Legal Standards

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A complaint must contain sufficient factual matter "'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

The TCHRA parallels the language of the ADA, so Texas courts apply ADA law in evaluating TCHRA claims and the Court's ADA analysis applies equally to Hinojosa's state-law claims. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. Mar. 10, 2020).

## III.   Analysis

GST contends that Hinojosa's claims fail as a matter of law because he (1) is not a "qualified individual" under the ADA or TCHRA, (2) did not exhaust his administrative remedies, and (3) did not request an accommodation during his interview. The Court addresses the last argument first.

### A. Failure to Accommodate During the Interview Claim

Hinojosa alleges that although his "deafness was obvious, GST made no attempt to hire a sign language interpreter or to otherwise accommodate his disability during their interactions." Dkt. 1 ¶ 46. He does not allege that he ever requested a sign language interpreter or any other accommodation for the interview. If Hinojosa needed an accommodation during the interview process because of his disability, it was his responsibility to inform GST. *EEOC v. Chevron Phillips Chem. Co., L.P.*, 570 F.3d 606, 621 (5th Cir. 2009). This Magistrate Judge recommends that the District Court grant GST's motion to dismiss Hinojosa's claim that GST failed to accommodate him during the interview process. *See Torres v. Cornerstone Fitness TX, LLC*, No. 5:22-CV-01190-DAE, 2023 WL 11844983, at *3 (W.D. Tex. May 9, 2023) (dismissing failure to accommodate claim when the plaintiff failed to allege that she expressly requested an accommodation from the employer).

### B. Whether Hinojosa Adequately Pleads That He Is Qualified to Drive All Students

The ADA is "designed to remove barriers which prevent qualified individuals with disabilities from enjoying employment opportunities available to persons without disabilities." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). It prohibits discrimination regarding job application procedures, the hiring of employees, and other terms, conditions, and privileges of employment. *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 427 (5th Cir. 2016). To establish a *prima facie* claim of discrimination, a plaintiff must show that he (1) has a disability or was regarded as disabled; (2) was qualified for the job; and (3) was subject to an adverse employment decision on account of his disability. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

GST argues that Hinojosa does not meet the second prong because he is ineligible for the required licensing credentials to drive a school bus for non-hearing-impaired students in Texas. Hinojosa responds that he has adequately pled he is qualified.

To determine whether a person is qualified, courts examine "(1) whether the individual meets the necessary prerequisites for the job, such as education, experience, skills and the like; and (2) whether the individual can perform the essential job functions, with or without reasonable accommodation." *Ikekwere v. Mnuchin*, No. 1:15-CV-418-DAE, 2017 WL 4479614, at *9 (W.D. Tex. May 15, 2017), *aff'd sub nom. Ikekwere v. Dep't of the Treasury*, 722 F. App'x 388 (5th Cir. 2018). A plaintiff can establish that he is qualified by showing either that he could perform the essential functions of the job despite his disability or that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job. *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017).

In Texas, school bus drivers must be mentally and physically qualified and pass an annual examination to determine their ability to operate a school bus safely unless, like Hinojosa, they transport hearing-impaired students. TEX. TRANSP. CODE § 521.022(g) ("This section does not affect the right of an otherwise qualified person with a hearing disability to be licensed, certified, and employed as a bus operator for vehicles used to transport hearing-impaired students.").

Sections 14.12 and 14.13 of Title 37 of the Texas Administrative Code lay out the school bus driver qualifications relevant to Hinojosa's claims:

> **§ 14.12. Medical Qualifications.** A person shall not drive a school bus, school activity bus, or multifunction school activity bus unless he/she is physically qualified to do so. Each school bus driver shall undergo and successfully complete an annual physical examination . . . .
>
> **§ 14.13. Request for Special Consideration.**
>
> (a) Except as provided in subsection (c) of this section, any person disqualified on the basis of the medical examination may request special consideration from

5

the director, or designee, for a waiver of medical disqualification in accordance with the following procedure:

(1) The form, Texas Medical Advisory Board Release Authorization for School Bus Drivers [ ], must be properly completed and signed by both the person applying for the waiver (applicant) and each examining physician that provides medical records and/or a medical opinion referring to the applicant, and must accompany each request for special consideration.

(2) In requesting special consideration, the applicant must submit in writing to the director or designee clear and convincing evidence supporting that his or her functions are not impaired to such an extent as to reduce the applicant's physical and mental capabilities to safely operate a school bus, school activity bus, or multifunction school activity bus; or endanger the safety and welfare of school children. The director or designee may require the applicant to submit additional supporting evidence or other related information.

(3) The following documents must be delivered to the department for each waiver request:

   (A) A written request for Special Consideration;

   (B) Medical Examination Report for Commercial Driver Fitness Determination, as specified in §14.12 of this title (relating to Medical Qualifications);

   (C) Texas Medical Advisory Board Release Authorization; provide one copy for each physician that submits a medical opinion and/or medical records referring to the applicant;

   (D) Letter from the prospective employer; and

   (E) Letter(s) containing medical opinion(s) and/or medical records from any examining physicians that applicant requests the Medical Advisory Board to review.

(4) The director or designee shall forward the Request for Special Consideration, along with all submitted supporting evidence/ documentation submitted by the applicant, to the Medical Advisory Board for official review and recommendation/opinion.

(5) Following receipt of the recommendation of the Medical Advisory Board, the director or designee shall review the findings and recommendation and may grant or deny the applicant's request for special consideration. In no event will the director or designee grant a

6

      request for special consideration in the absence of a report or statement from the Medical Advisory Board indicating approval.

  (6) The Department may impose appropriate restrictions on the license of the applicant as authorized in Texas Transportation Code, §521.221.

* * *

  (c) In accordance with Texas Transportation Code, §521.022(g), the department will grant a medical waiver to an otherwise qualified person with a hearing disability allowing that person to serve as a school bus driver when transporting hearing impaired students.

In sum, a school bus driver cannot operate a school bus until he has a valid medical examiner's certificate stating that he is physically qualified to drive it, but those with a hearing disability who are "otherwise qualified" will be granted a medical waiver that allows them to transport hearing-impaired students. 37 TEX. ADMIN. CODE §§ 14.12, 14.13(c).

Hinojosa argues that §§ 14.12 and 14.13 of the Administrative Code do "not preclude [hearing-impaired drivers] from obtaining waivers for general school bus driving through the standard process." Dkt. 9 at 8. The Court agrees that those sections do not exclude drivers who have received waivers under § 14.13(c) from also seeking waivers under § 14.13(a).

GST contends that Hinojosa has not sufficiently pled that he is qualified because he "fails to plead any facts establishing that he has, or is capable of, obtaining the requisite medical waiver necessary to work as a school bus driver transporting non-hearing-impaired students. He does not plead that he has attempted, let alone ever successfully completed," the process to request special consideration under § 14.13(a). Dkt. 6 at 8 (citation omitted).

Hinojosa alleges that he has satisfied three of the five requirements to request special consideration under § 14.13(a). He holds a Class B Commercial Driver's License, has been deemed medically fit to operate commercial motor vehicles, and has received a Medical Examiner's Certificate and a Medical Waiver for hearing from the Texas Department of State

Health Services' Medical Advisory Board. *Id.* ¶¶ 26-27. He also alleges that he has worked as a professional driver for ten years, including five years as a school bus driver, has never caused a driving accident, and his record contains no failed drug tests, license suspensions, or convictions related to dangerous driving. *Id.* ¶¶ 24-25, 49.

But to request a waiver, Hinojosa also must submit a letter from the prospective employer to the Texas Department of Transportation. § 14.13(a)(3)(D). Without a letter from GST or another prospective employer, he cannot become "qualified" to drive all students. Hinojosa contends: "This creates an impossible catch-22 where Goldstar denies employment for lacking a license that requires their own endorsement." Dkt. 9 at 2. GST argues in reply: "With respect to Plaintiff's allegation that GST 'refused' to provide Plaintiff a letter putting him [in] an impossible position where he lacked certification he could only obtain with GST's endorsement, Plaintiff's Complaint does not allege that he made any such request to GST, because he did not." Dkt. 10 at 5.

The Court finds persuasive the reasoning of *Garza v. United Parcel Serv., Inc.*, No. 1:23-CV-00097, 2025 WL 1872992 (S.D. Tex. Apr. 16, 2025), *R. & R. adopted in part*, 2025 WL 1476553 (S.D. Tex. May 22, 2025). Like GST, the employer in *Garza* argued that the plaintiff, who was deaf, was not qualified for a driving position because he did not have the certification required by statute when he was rejected for the position. *Id.* at *7. To obtain that certification, known as a "DOT card," drivers must meet physical standards or obtain an exemption, and the plaintiff obtained a hearing exemption only after he applied for a driver position. *Id.* The district court sustained the plaintiff's objection to the magistrate judge's finding that he was not qualified before he obtained a DOT card. Holding that "qualification is determined by one's *ability* to obtain a DOT card, not their actual possession of a DOT card," the district court allowed the claims to proceed past the pleadings stage. *Garza*, 2025 WL 1476553, at *3.

Accepting all well-pleaded facts as true and viewing them in the light most favorable to Hinojosa, as required, the Court finds that he states facts sufficient to allege that he can perform the essential job functions of a school bus driver for hearing students and meet the necessary prerequisites for that job by requesting special consideration and submitting a letter from GST under § 14.13(a). *Garza*, 2025 WL 1476553, at *2; *Ikekwere*, 2017 WL 4479614, at *9. For that reason, this Magistrate Judge finds that Hinojosa has sufficiently pleaded the second element of a discrimination claim by alleging that he is qualified to drive students who are not hearing impaired.

GST cites several cases in support of its argument that Hinojosa's lack of a medical waiver is fatal to his claims: *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806 (5th Cir. 2016); *Turner v. BNSF Ry.*, No. 4:23-CV-00681, 2023 WL 9052248, at *3 (N.D. Tex. Dec. 22, 2023), *aff'd*, 138 F.4th 224, 228 (5th Cir. 2025); *Comacho v. R+L Shared Servs., LLC*, No. H-22-1248, 2023 WL 5615468, at *3 (S.D. Tex. Aug. 30, 2023); *Chumney v. Glasscock Cnty. Indep. Sch. Dist.*, No. 6:17-CV-037-C, 2019 WL 10733241, at *4 (N.D. Tex. Mar. 6, 2019); *Galvan v. City of Bryan*, 367 F. Supp. 2d 1081, 1087 (S.D. Tex. 2004). Each is distinguishable. All but *Turner* were decided on summary judgment, not at the pleading stage. And all plaintiffs except *Chumney* had either lost medical job certifications or, in the case of *Galvan*, agreed he could not obtain a required commercial driver's license. Hinojosa has not been denied a waiver or found ineligible to obtain one; instead, he has not yet tried to request a waiver to drive students who are not hearing-impaired under § 14.13(a), alleging that discrimination by GST prevented him from seeking one.

For these reasons, this Magistrate Judge recommends that the District Court deny GST's motion to dismiss on the basis that Hinojosa "is not eligible for the requisite licensing credentials to lawfully drive a school bus for non-hearing-impaired students" in Texas. Dkt. 6 at 2.

## C. Whether Hinojosa Exhausted Administrative Remedies as to His Retaliation Claims

Finally, the Court takes up GST's argument that Hinojosa's retaliation claims should be dismissed for failure to exhaust. Before a plaintiff may bring suit in federal court under the ADA, he must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021).

> One of the central purposes of the employment discrimination charge is to put employers on notice of the existence and nature of the charges against them. In order to adequately notify employers about the nature of the charges against them, employees must inform their employers from the outset about their claims of discrimination.

*Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878-79 (5th Cir. 2003) (citation omitted).

Courts "should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013) (citation omitted)). The Fifth Circuit liberally construes an EEOC complaint by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." *Patton v. Jacobs Eng'g Grp.*, 874 F.3d 437, 443 (5th Cir. 2017) (citation omitted). This requires a fact-intensive analysis of the administrative charge that looks beyond the four corners of the charge to its substance. *Jennings*, 11 F.4th at 342. A plaintiff need not "check a certain box or recite a specific incantation to exhaust his or her administrative remedies," *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006), but the claims in the complaint must be "like or related to" the claims in the charge. *Prewitt*, 927 F. Supp. 2d. at 447 (citation omitted).

Because failure to exhaust administrative remedies is a non-jurisdictional affirmative defense, it is the defendant's burden to prove that the plaintiff has not satisfied the exhaustion requirement. *Kerr v. Smokeball Inc.*, No. 1:24-CV-00722-DAE, 2025 WL 1872640, *3 (W.D. Tex. May 13, 2025), *R. & R. adopted*, 2025 WL 1605034 (W.D. Tex. June 6, 2025).

GST argues that Hinojosa failed to exhaust his administrative remedies as to his claim for retaliation because he "included no explanation in the narrative 'Particulars' section regarding the basis for his claim" in his EEOC charge. Dkt. 6 at 11.

### 1. TCHRA Retaliation Claim

Hinojosa concedes that "his TCHRA retaliation claim cannot proceed under current Texas law." Dkt. 9 at 17. This Magistrate Judge recommends that the District Court dismiss his TCHRA retaliation claim with prejudice as conceded. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 n.6 (5th Cir. 2004).

### 2. ADA Retaliation Claim

Unlike his claim under Texas law, Hinojosa contends that he preserved his retaliation claim under the ADA. To state a claim for retaliation under the ADA, a plaintiff must show that (1) he engaged in an activity protected by the ADA, (2) an adverse employment action occurred, and (3) a causal connection exists between the protected act and the adverse action. *Credeur v. La. ex rel. Off. of Att'y Gen.*, 860 F.3d 785, 797 (5th Cir. 2017). Temporal proximity between the protected activity and the adverse action may serve as evidence of causation. *Garner v. Chevron Phillips Chem. Co.*, 834 F. Supp. 2d 528, 541 (S.D. Tex. 2011).

Hinojosa alleged in his charge of discrimination that his wife sent reasonable accommodations to GST that would help him perform his job on June 6, 2023, and GST told him it would not hire him two days later. Dkt. 6-3 at 3.[2] The Court finds that these allegations, combined with the fact that Hinojosa checked the retaliation box on his charge form, put his claim within the scope of an EEOC investigation that could reasonably grow out of the charge. *Patton*, 874 F.3d at 443.

---

[2] GST attached a copy of Hinojosa's charge of discrimination to its motion to dismiss. Dkt. 6-3. The Court may consider the charge because Hinojosa referred to it in his Complaint and it is central to his claims. Dkt. 1 ¶ 89; *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

The cases GST relies on to support its argument that Hinojosa failed to exhaust his ADA retaliation claim again are distinguishable. For example, Hinojosa specifically identified in his charge both the protected activity he engaged in and the retaliatory conduct that resulted, unlike the plaintiff in *Self v. BNSF Ry. Co.*, No. A-14-CA-618-SS, 2016 WL 543245, at *7 (W.D. Tex. Feb. 9, 2016). He also alleged facts to support a retaliation claim and did not merely check the retaliation box with no further explanation, unlike the plaintiffs in *Williams v. Health Texas Provider Network*, No. 3:16-CV-391, 2017 WL 2608813, at *3 (N.D. Tex. June 1, 2017), *R. & R. adopted*, No. 3:16-CV-391-M-BK, 2017 WL 2616952 (N.D. Tex. June 15, 2017), and *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 536-37 (W.D. La. 2007). The Court finds that GST has not met its burden to show that Hinojosa has not exhausted administrative remedies as to his retaliation claim. *Kerr*, 2025 WL 1872640, at *3.

## IV. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court (1) **GRANT** Defendant Student Transportation of America, Inc.'s Rule 12(b)(6) Motion for Dismissal (Dkt. 6) as to Plaintiff Rogelio Hinojosa's claims for retaliation and failure to accommodate during his interview under the ADA and TCHRA and **DISMISS** those claims with prejudice, and (2) **DENY** the motion as to Hinojosa's remaining discrimination and failure to accommodate claims under the ADA and TCRHA.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days

after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 3, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE