IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| ROGELIO HINOJOSA § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 1:25-CV-00740- |
| § | ADA-SH |
| v. § | |
| § | |
| STUDENT TRANSPORTATION OF § | |
| AMERICA, INC. D. B. A. GOLDSTAR § | |
| TRANSIT INC. § | |
| § | |
| Defendant. | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Student Transportation of America, Inc. D.B.A. Goldstar Transit Inc. ("Defendant" or "GST") files Defendant's Original Answer to Plaintiff's Original Complaint ("Complaint") and respectfully states the following:

### INTRODUCTION

1. GST denies the allegations in paragraph 1.

2. In response to paragraph 2, GST states that the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA") and the Texas Commission on Human Rights Act, Tex. Labor Code Section 21 ("TCHRA") speak for themselves, and denies any allegations inconsistent therewith. Further responding, GST denies engaging in any unlawful employment practices with respect to Plaintiff and denies the remaining allegations in paragraph 2.

3. No response is required to the allegations in paragraph 3. To the extent a response may be required, GST denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 3.

### JURISDICTION

4.  Defendant admits that jurisdiction is proper based on the allegations in the Complaint but denies engaging in any unlawful employment practices with respect to Plaintiff. GST denies any remaining allegations in paragraph 4.

## VENUE

5.  Defendant admits that venue is proper in this judicial district based on the allegations in the Complaint but denies engaging in any unlawful employment practices with respect to Plaintiff. GST denies any remaining allegations in paragraph 5.

## PARTIES

6.  Defendant lacks sufficient information to admit or deny the allegations in paragraph 6 and therefore denies same.

7.  Defendant admits the allegations in Paragraph 7.

8.  Paragraph 8 contains legal conclusions to which no response is required. To the extent a response may be required, Defendant admits that it is an employer for purposes of the ADA as relates to Plaintiff. Defendant denies any remaining allegations in paragraph 8.

9.  Paragraph 9 contains legal conclusions to which no response is required. To the extent a response may be required, Defendant admits that it is a "covered entity" as defined in the ADA, 42 U.S.C. § 12111(2), as relates to Plaintiff. Defendant denies any remaining allegations in paragraph 9.

10.  In response to paragraph 10, GST avers that it is a locally-run and operated school transportation provider in the state of Texas, and that it provides school transportation services as well as charter and special needs transportation services. Further responding, Student Transportation of America, Inc. states that it operates in several states across the country, and states

that the number of school districts it serves and vehicles it operates varies. Defendant denies any remaining allegations in paragraph 10.

## FACTS

11. Defendant objects to paragraph 11 as containing immaterial and impertinent matter under Rule 12(f) of the Federal Rules of Civil Procedure. Further responding, Defendant lacks sufficient information to admit or deny the allegations in paragraph 11 and therefore denies same.

12. Defendant objects to paragraph 12 as containing immaterial and impertinent matter under Rule 12(f) of the Federal Rules of Civil Procedure. Further responding, Defendant lacks sufficient information to admit or deny the allegations in paragraph 12 and therefore denies same.

13. Defendant objects to paragraph 13 as containing immaterial and impertinent matter under Rule 12(f) of the Federal Rules of Civil Procedure. Further responding, Defendant lacks sufficient information to admit or deny the allegations in paragraph 13 and therefore denies same

14. Defendant objects to paragraph 14 as containing immaterial and impertinent matter under Rule 12(f) of the Federal Rules of Civil Procedure. Further responding, Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 and therefore denies same.

15. Defendant lacks sufficient information to admit or deny the allegations in paragraph 15 and therefore denies same.

16. Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 and therefore denies same.

17. Defendant lacks sufficient information to admit or deny the allegations in paragraph 17 and therefore denies same.

18. Defendant objects to paragraph 18 as containing immaterial and impertinent matter under Rule 12(f) of the Federal Rules of Civil Procedure. Further responding, Defendant lacks sufficient information to admit or deny the allegations in paragraph 18 and therefore denies same.

19. Defendant lacks sufficient information to admit or deny the allegations in paragraph 19 and therefore denies same.

20. Defendant lacks sufficient information to admit or deny the allegations in paragraph 20 and therefore denies same.

21. Defendant lacks sufficient information to admit or deny the allegations in paragraph 21 and therefore denies same.

22. Defendant lacks sufficient information to admit or deny the allegations in paragraph 22 and therefore denies same.

23. Defendant objects to paragraph 23 as containing immaterial and impertinent matter under Rule 12(f) of the Federal Rules of Civil Procedure. Further responding, Defendant lacks sufficient information to admit or deny the allegations in paragraph 23 and therefore denies same.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24 and therefore denies same.

25. Defendant lacks sufficient information to admit or deny the allegations in paragraph 25 and therefore denies same.

26. Defendant lacks sufficient information to admit or deny the allegations in paragraph 26, and therefore denies same.

27. Defendant states that paragraph 27 contains legal conclusion to which no response is required. To the extent a response may be required, Defendant states that Section 14.12 of the Texas Administrative Code speaks for itself and denies all allegations inconsistent therewith. Further responding, Defendant denies that Plaintiff possessed a medical waiver applicable to the bus driver position for which he applied with Defendant at the time he applied for the position, and denies any remaining allegations in paragraph 27.

28. Defendant lacks sufficient information to admit or deny the allegations in paragraph 28, and therefore denies same.

29. Defendant lacks sufficient information to admit or deny the allegations in paragraph 29, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 29 would have constituted a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

30. Defendant lacks sufficient information to admit or deny the allegations in paragraph 30, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 30 would have constituted a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

31. Defendant lacks sufficient information to admit or deny the allegations in paragraph 31, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 31 would have constituted a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

32. Defendant lacks sufficient information to admit or deny the allegations in paragraph 32, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 32 would have constituted a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

33. Defendant lacks sufficient information to admit or deny the allegations in paragraph 33, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 33 would have constituted a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

34. Defendant lacks sufficient information to admit or deny the allegations in paragraph 34, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 34 would constitute a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

35. Defendant states that paragraph 35 contains legal conclusion to which no response is required. Defendant further objects to the form of paragraph 35. To the extent a response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 35, and therefore denies same. Further responding, Defendant denies the allegations set forth in paragraph 35 would have constituted a reasonable accommodation for the bus driver position for which Plaintiff previously applied with Defendant.

36. Defendant objects to the allegations in paragraph 36 under Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that they are immaterial and impertinent to this lawsuit. To the extent a response may be required, Defendant lacks sufficient information to admit or deny the allegations in paragraph 36, and therefore denies same.

37. Defendant admits that Kristy Hinojosa previously worked for Defendant. Defendant denies that Kristy Hinojosa applied for an employment position at the same time as Mr. Hinojosa in 2023. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 37, and therefore denies same.

38. Defendant admits the allegation in Paragraph 38.

39. Defendant admits that Derek Hay corresponded with Plaintiff via email on May 24, 2023, asking for Plaintiff's availability for an interview for a bus driver position. Defendant further admits that Mr. Hay subsequently called Plaintiff via telephone on the same day, and that he and Plaintiff subsequently communicated via text message regarding Plaintiff's interest in the bus

driver position. Further responding, Defendant states that on or around the same time, Kristy Hinojosa called Mr. Hay, identifying herself as Plaintiff's girlfriend and a former employee of Defendant, disclosing that Plaintiff had a hearing impairment, and stating that she would be assisting Plaintiff with communication during his application process. Defendant further states that Mr. Hay informed Plaintiff he had spoken with Kristy Hinojosa and Plaintiff responded he was "glad." Defendant admits that Plaintiff and Kristy Hinojosa were informed that Manager JW Barrett would contact them. Defendant denies any remaining allegations in paragraph 39.

40.     Defendant objects to paragraph 40 as to form in that it is ambiguous, and further states that text communications between Plaintiff and Mr. Hay speak for themselves and deny any allegations inconsistent therewith. Further responding, Defendant admits that on or about June 1, 2023, Plaintiff sent a text message to Mr. Hay informing he had not heard from Mr. Barrett. Defendant admits that Plaintiff informed Mr. Hay via text that Plaintiff would be available the following Friday with Kristy Hinojosa, but denies that Plaintiff informed Defendant that Kristy Hinojosa was applying for employment at that time. Defendant admits that Mr. Hay provided Mr. Barrett's phone number to Plaintiff via text message and instructed Plaintiff to contact Mr. Barrett directly. Defendant denies any remaining allegations in paragraph 40.

41.     Defendant admits that Plaintiff contacted Mr. Barrett regarding the bus driver position for which Plaintiff had initiated the applicated process. Defendant denies for lack of knowledge the remaining allegations in paragraph 41.

42.     Defendant admits that in early June of 2023 Plaintiff and Kristy Hinojosa visited Defendant's Bastrop location in connection with Plaintiff's candidacy for a bus driver position. Defendant denies for lack of knowledge the remaining allegations in paragraph 42.

43. Defendant admits that Plaintiff and Kristy Hinojosa communicated with Mr. Barrett during a visit to Defendant's Bastrop location, and that this communication involved, in part, Plaintiff using speech-to-text on his cellular phone. Defendant denies the remaining allegations in paragraph 43 for lack of knowledge.

44. Defendant admits that Plaintiff and Kristy Hinojosa communicated with Operations Manager Tiffany Grant during a visit to Defendant's Bastrop location. Defendant denies the characterization of this meeting as "very brief," as Ms. Grant interviewed Plaintiff in connection with his interest for a bus driver position with Defendant. Defendant denies any remaining allegations in paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA, which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. Moreover, Paragraph 46 contains legal conclusions. As such, no response is required. To the extent a response may be required, Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 46.

47. Paragraph 47 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA, which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. Moreover, Paragraph 47 contains legal conclusions. As such, no response is required. To the extent a response may be required, Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 47.

48. Defendant admits that it provided Plaintiff with a long-form application, notice of certain company policies and procedures, and certain new hire paperwork in a customary packet, and denies for lack of knowledge the remaining allegations in Paragraph 48, including the specific date on which it provided Plaintiff the aforementioned items.

49. Defendant lacks sufficient information to admit or deny the allegations in paragraph 49 because Defendant has no record of receiving this paperwork from Plaintiff, and therefore denies same.

50. Defendant denies the allegations in paragraph 50, and specifically denies rejecting an application form completed by Plaintiff or otherwise communicating to Plaintiff that it would not accept an application from him.

51. Defendant denies the allegations in paragraph 51, and specifically denies rejecting an application form completed by Plaintiff or otherwise communicating to Plaintiff that it would not accept an application from him

52. In response to paragraph 52, Defendant states that Mr. Barrett received an email on June 6, 2023 from Kristy Hinojosa's email address that appeared to be authored by Kristy Hinojosa (i.e. signed off as "Kirsty Fomby") with the subject "Accommodations." Further responding, Defendant states that the text of this June 6, 2023 email speaks for itself and denies any allegations in paragraph 52 inconsistent therewith. Defendant denies any remaining allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant objects to the form of paragraph 56. Further responding, Defendant states that it interviewed Plaintiff at least twice and engaged in the interactive process in response to Plaintiff's inquiries. Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 56.

57. Defendant objects to the form of paragraph 57. Further responding, Defendant states that on or about June 8, 2025, it called Plaintiff and Kristy Hinojosa via telephone to address the June 6, 2023 email that appeared to be sent by Kristy Hinojosa, as referenced in paragraph 54 of the Complaint and this Answer, and explained to Plaintiff why it could not grant him the accommodations referenced in the June 6, 2023 email. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 57, as Plaintiff did not request Video Relay Services in connection with his communications with Defendant and instead expressed satisfaction with Kristy Hinojosa's assistance (at her and Plaintiff's suggestion), and therefore denies same.

58. Defendant denies the allegations in paragraph 58 and denies engaging in any unlawful employment practices with respect to Plaintiff.

59. Defendant denies the allegations in paragraph 59, and denies engaging in any unlawful employment practices with respect to Plaintiff.

60. Paragraph 60 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA, which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. Moreover, Paragraph 60 contains legal conclusions. As such, no response is required. To the extent a response may be required, Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 60.

61. Paragraph 61 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA, which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. Moreover, Paragraph 61 contains legal conclusions. As such, no response is required. To the extent a response may be required, Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 61.

## CAUSES OF ACTION
## VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT

62. Defendant incorporates by reference the answers to all paragraphs above as though same were set forth herein at length.

63. Paragraph 63 contains legal conclusion to which no response is required. To the extent a response may be required, Defendant states that, upon information and belief, Plaintiff's hearing impairment may constitute a physical impairment under the ADA and TCHRA.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 65 inconsistent therewith. Defendant denies the remaining allegations in paragraph 65.

66. Paragraph 66 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. As such, no response is required to these allegations. Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 66 inconsistent therewith. Defendant denies the remaining allegations in paragraph 66.

67. Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 67 inconsistent therewith. Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 67.

68. Defendant states that EEOC commentary speaks for itself and denies any allegations in paragraph 68 inconsistent therewith. Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 68.

69. Paragraph 69 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. As such, no response is required. Further responding, Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 69 inconsistent therewith. Defendant denies any remaining allegations in paragraph 69.

70. Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 70 inconsistent therewith. Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 70.

71. Defendant denies the allegation that it failed to communicate lawfully and appropriately with Plaintiff. Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 71.

72. Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 72 inconsistent therewith. Defendant denies

engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 74 inconsistent therewith. Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 74.

75. Paragraph 75 contains allegations relating to Plaintiff's purported claim of failure to accommodate during the hiring process under the ADA and TCHRA which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. As such, no response to these allegations is required. Further responding, Defendant states that the ADA and the Code of Federal Regulations speak for themselves and denies any allegations in paragraph 75 inconsistent therewith. Defendant denies the remaining allegations in paragraph 75.

76. Defendant objects to the form of paragraph 76. Defendant states that the ADA and Code of Federal Regulations speak for themselves and deny any allegations in paragraph 76 inconsistent therewith. Defendant denies the remaining allegations in paragraph 76.

## SECOND CAUSE OF ACTION: TEXAS LABOR CODE CHAPTER 21

77. Defendant incorporates by reference the answers to all paragraphs above as though same were set forth herein at length.

78. Defendant denies the allegations in paragraph 78 in that Plaintiff failed to timely exhaust administrative remedies as to some claims in his Complaint, as set forth in more detail in the Court's October 17, 2025 Order and Defendant's previously filed Motion to Dismiss.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response may be required, Defendant admits that Plaintiff disclosed his hearing impairment, and denies that Plaintiff was a qualified individual with a disability under the TCHRA for purposes of Defendant's bus driver position. Defendant denies the remaining allegations in paragraph 79 for lack of knowledge.

80. Defendant denies the allegations in paragraph 80.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response may be required, Defendant admits that, as it relates to Plaintiff, Defendant was an employer for purposes of the TCHRA.

82. Defendant admits that Plaintiff disclosed his hearing impairment and certain limitations associated with it, however Defendant denies knowing every limitation associated with Plaintiff's medical condition, and denies any remaining allegations in paragraph 82.

83. Defendant states that the TCHRA speaks for itself and denies any allegations in paragraph 83 inconsistent therewith. Further responding, Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 83.

84. Defendant states that the TCHRA speaks for itself and denies any allegations in paragraph 84 inconsistent therewith. Further responding, Paragraph 84 contains allegations relating to Plaintiff's purported claim of retaliation under the TCHRA, which the Court expressly dismissed pursuant to Rule 12(b)(6) in the October 17, 2025 Order. As such, no response is required. To the extent a response may be required, Defendant denies engaging in any unlawful

employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 84.

85.　　Defendant denies the allegations in Paragraph 85.

## CONDITIONS PRECEDENT AND RELIEF SOUGHT

86.　　Defendant denies engaging in any unlawful employment practices with respect to Plaintiff, denies that Plaintiff is entitled to the relief sought in paragraph 86, and denies any remaining allegations in paragraph 86.

87.　　Defendant denies engaging in any unlawful employment practices with respect to Plaintiff, denies that Plaintiff is entitled to the relief sought in paragraph 87 and denies any remaining allegations in paragraph 87.

88.　　Defendant denies engaging in any unlawful employment practices with respect to Plaintiff and denies any remaining allegations in paragraph 88.

89.　　Defendant denies that Plaintiff has met all conditions and requirements precedent to this lawsuit. Defendant further responds that Plaintiff's EEOC Charge and the EEOC's Notice of Right to File a Civil action speak for itself, and deny any allegations in paragraph 89 inconsistent therewith.

## REQUEST FOR JURY TRIAL

Defendant admits that Plaintiff requests a trial by jury but denies that there is any issue for the jury to decide.

## PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested in his Complaint, including the relief specifically enumerated in sections (a) through (h) of his Prayer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, pending discovery, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

2. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, and non-retaliatory reasons.

3. Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

4. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Defendant pleads the damages caps and/or limits to punitive/exemplary damages under the ADA and Texas Labor Code and all other applicable federal, state, and other laws.

5. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

6. Without admitting that Defendant was legally required to provide accommodations, Defendant states that Plaintiff's claims are barred because the requested accommodations would have caused an undue hardship on Defendant.

7. Defendant's actions were required by business necessity and were based upon factors other than Plaintiff's medical condition.

8. Defendant's actions were required because the hiring of Plaintiff would have posed a direct threat to the health and safety of Defendant's student passengers, among others.

9. With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted with respect to Plaintiff's purported retaliation and failure to accommodate claims.

10. Pending discovery, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

11. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope or are inconsistent with any charge(s) of discrimination Plaintiff filed with the EEOC or TWC.

12. Plaintiff was not a qualified individual with a disability within the meaning of the ADA or the Texas Labor Code during the relevant time period, nor was Plaintiff otherwise qualified within the meaning of Section 102 of the ADA.

13. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Original Complaint with prejudice, award Defendant costs and attorneys' fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Kathleen Sanz*
Kathleen Sanz
Texas State Bar No. 24119280
kathleen.sanz@ogletree.com
Bonnie Serrano
Texas State Bar No. 24133137
bonnie.serrano@ogletree.com
301 Congress Avenue
Suite 1150
Austin, TX 78701
Telephone: (512) 344-4700
Fax: (512) 344-4701

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on 31st day of October, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to counsel of record:

Fraser M. Holmes
fholmes@hicksjohnson.com
Ted Evans
tevans@disabilityrightstx.org
Lucy D. Wood
lwood@law.utexas.edu

**ATTORNEY(S) FOR PLAINTIFF**

/s/ *Katheleen Sanz*
Kathleen Sanz